Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
CHI MODU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI MODU, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California Corporation; URBAN OUTFITTERS, INC., a Pennsylvania Corporation; MACY'S, INC., a Ohio Corporation; and DOES 1-10;<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

1
COMPLAINT

Chi Modu ("MODU"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

MODU is a renowned photographer who is particularly well-known for his compelling work depicting prominent figures in the world of hip-hop. MODU created a number of particularly resonant images of the late recording artists Tupac Shakur and Christopher "Notorious B.I.G" Wallace. Certain of these photographs, as set forth in the left column of **Exhibit A** and referenced hereinafter as the "Subject Photographs," have been misappropriated and used without permission by the Defendants, and each of them. These Defendants unlawfully licensed, developed, distributed, marketed, published, and sold product bearing the Subject Photographs, and did so without authorization from MODU. This action follows to address the infringement.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. MODU is an individual residing in the state of New Jersey in the United States.

5. Plaintiff is informed and believes and thereon alleges that Defendant BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC. ("BRAVADO") is a California corporation doing business in, and with the residents

of, the State of California, with a principal address at 2220 Colorado Avenue, Santa Monica, California 90404.

6. Plaintiff is informed and believes and thereon alleges that Defendant URBAN OUTFITTERS, INC. ("URBAN") is a Pennsylvania corporation doing business in, and with the residents of, the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S, INC. ("MACY'S") is an Ohio corporation doing business in, and with the residents of, the State of California.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

10. MODU created and exclusively owns the Subject Photographs attached hereto in the left column of **Exhibit A**, which is hereby incorporated as if set forth in full.

11. The Subject Photographs have been submitted for registration with the United States Copyright Office, and compliance with all required application formalities has been effected.

12. MODU and BRAVADO negotiated an agreement whereby BRAVADO would have certain rights in regard to the Subject Photographs. This agreement, assuming no breach by BRAVADO, would have expired no later than July of 2016. That agreement contained a provision stating that the agreement could not be modified without a writing executed by the parties to the agreement.

13. Despite the above, on information and belief, Plaintiff alleges that BRAVADO and/or its customers continued to exploit without permission the Subject Photographs beyond the term, and outside the scope, of the agreement negotiated between MODU and BRAVADO.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, exploited the Subject Photographs by incorporating same into various products, including without limitation, apparel (collectively the "Accused Products"), and selling said products to the third parties and the public. Non-inclusive exemplars of the Accused Products are depicted in the right column of **Exhibit A** alongside that of the Subject Photographs that are unlawfully incorporated in the respective Accused Products. These exemplars are not meant to encompass all Accused Products; the claims made herein are as to any product licensed, distributed and/or sold by Defendants, and/or each of them, and/or any combination of them, that incorporate, in whole or in part, one or more of the Subject Photographs.

15. A comparison of the Subject Photographs with the images on the Accused Products reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16. On information and belief, Plaintiff alleges that BRAVADO was involved in obtainment, distribution, licensing, and/or development of the Accused Products, and/or the sale of the Accused Products to URBAN, MACY'S, and other retailer Defendants, which in turn sold the Accused Products to third parties, including without limitation, the public.

17. MODU did not authorize Defendants, or any of them, to use the Subject Photographs as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

18. MODU repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. MODU is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, directly from MODU, through viewing the Subject Photographs in or on MODU's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

20. MODU is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Products.

21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, advertised, distributed, marketed, and/or sold product bearing images that are identical to, or substantially similar to, the Subject Photographs.

22. MODU is informed and believes and thereon alleges that Defendants, and each of them, infringed MODU's copyrights by licensing the Subject Photographs and/or creating an infringing derivative work from the Subject Photographs and then distributing and selling the Accused Products to the public.

23. Defendants, and each of them, infringed MODU's rights by copying the Subject Photographs, and distributing and/or selling the Accused Products, without MODU's authorization or consent.

24. Due to Defendants', and each of their, acts of infringement, MODU has suffered actual, general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MODU's rights in the Subject Photographs. As such, MODU is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs in an amount to be established at trial.

26. MODU is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

///

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27. MODU repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. MODU is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Specifically, the URBAN, MACYS, and DOEs transacted with BRAVADO, and/or the wholesaler Defendant, and the wholesaler Defendant transacted with its suppliers, in a concerted effort to create, distribute, and sell the Accused Products. And BRAVADO obtained and distributed unlawful copies of the Subject Photographs to garment manufacturers and retailers with the understanding that the Accused Products would be developed, marketed, and sold at retail. And, Defendants, and each of them, realized profits through their respective obtainment, sales, and distribution of the Accused Products.

29. MODU is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the supply chain had the ability to oversee the development and distribution of the product as engaged in by the party from which it obtained the Accused Products, or component thereof. Specifically, BRAVADO had the right and ability to oversee the unlawful copying and exploitation of the Subject Photographs, and their distribution to URBAN, MACYS, and others, yet failed to stop the infringement. And,

Defendants, and each of them, realized profits through their respective obtainment, sales, and distribution of the Accused Products.

30. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, MODU has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MODU's rights in the Subject Photographs. As such, MODU is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs, in an amount to be established at trial.

32. MODU is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

    a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photographs.

    b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the

time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That a trust be entered over all Accused Products, and all profits realized through the sales and distribution of said product;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: September 21, 2017     By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
CHI MODU

# **EXHIBIT A**

| **SUBJECT PHOTOGRAPHS** | **OFFENDING PRODUCT EXEMPLAR** |
|---|---|
|  | |
| **SEE ABOVE.** |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |
|  |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |
|  |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  | |