1  **DOLL AMIR & ELEY LLP**
   GREGORY L. DOLL (SBN 193205)
2  gdoll@dollamir.com
   JAMIE O. KENDALL (SBN 260231)
3  jkendall@dollamir.com
   L. KATIE MACHADO (SBN 268491)
4  kmachado@dollamir.com
5  1888 Century Park East, Suite 1850
   Los Angeles, California 90067
6  Tel:  310.557.9100
   Fax: 310.557.9101
7

8  Attorneys for Defendants,
   BRAVADO INTERNATIONAL GROUP
9  MERCHANDISING SERVICES INC.,
   URBAN OUTFITTERS, INC., AND MACY'S RETAIL HOLDINGS, INC.
10

11              **UNITED STATES DISTRICT COURT**

12            **CENTRAL  DISTRICT OF CALIFORNIA**

13

14  CHI MODU, an individual,          | Case No. 2:17-cv-06968-RSWL-JEM

15          Plaintiff,                 | *The Hon. Ronald S.W. Lew*
                                       | *Magistrate Judge John E. McDermott*
16  v.

17  BRAVADO INTERNATIONAL             | **DEFENDANT BRAVADO**
    GROUP MERCHANDISING               | **INTERNATIONAL GROUP**
18  SERVICES INC., a California        | **MERCHANDISING SERVICES,**
    Corporation; URBAN OUTFITTERS,    | **INC.'S ANSWER TO PLAINTIFF'S**
19  INC., a Pennsylvania Corporation;  | **COMPLAINT AND**
    MACY'S, INC., a Ohio Corporation; and | **COUNTERCLAIM**
20  DOES 1-10;
21                                     | **(JURY TRIAL DEMANDED)**
22          Defendants.

23                                     | Complaint Filed: September 21, 2017

24

25

26

27

28

DOLL AMIR & ELEY LLP

Defendant Bravado International Group Merchandising Services Inc. ("Bravado") states for its Answer to the Complaint of Plaintiff Chi Modu ("Plaintiff") as follows:

## INTRODUCTION

As to the first unnumbered paragraph under the heading "Introduction," Bravado does not have sufficient information with which to admit or deny the allegations contained therein and on that basis denies each and every allegation of that paragraph.

## JURISDICTION AND VENUE

1.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 1 of the Complaint and on that basis denies each allegation of that paragraph.

2.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 2 of the Complaint and on that basis denies each allegation of that paragraph.

3.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 3 of the Complaint and on that basis denies each allegation of that paragraph.

## PARTIES

4.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies each allegation of that paragraph.

5.      Bravado admits that it is a California corporation, with its principal business office in California located at 2220 Colorado Avenue, Santa Monica, California 90404.  Bravado further concedes personal jurisdiction for the purposes of this action only.  Except as expressly admitted herein, Bravado denies the allegations of paragraph 5 of the Complaint.

DOLL AMIR & ELEY LLP

6.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 6 of the Complaint and on that basis denies each allegation of that paragraph.

7.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 7 of the Complaint and on that basis denies each allegation of that paragraph.

8.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 8 of the Complaint and on that basis denies each allegation of that paragraph.

9.      Bravado denies the allegations of paragraph 9 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 9 of the Complaint and on that basis denies each allegation of that paragraph.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

10.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies each allegation of that paragraph.

11.      Bravado does not have sufficient information with which to admit or deny the allegations of paragraph 11 of the Complaint and on that basis denies each allegation of that paragraph.

12.      Bravado admits that it entered into an agreement titled "Tupac Photo Agreement," dated July 29, 2015, with Plaintiff (the "Agreement").  As to the terms, the Agreement speaks for itself.  Except as expressly admitted herein, Bravado denies the allegations of paragraph 12 of the Complaint.

13.      Bravado denies the allegations of paragraph 13 of the Complaint to the extent it is asserted against Bravado and otherwise does not have sufficient

DOLL AMIR & ELEY LLP

1  information with which to admit or deny the allegations of paragraph 13 of the

2  Complaint and on that basis denies each allegation of that paragraph.

3      14.   Bravado admits that it created apparel depicting an image of Tupac, and

4  that said apparel was distributed to defendants Urban Outfitters, Inc. ("Urban") and

5  Macy's, Inc. ("Macy's").  Except as expressly admitted herein, Bravado denies the

6  allegations of paragraph 14 of the Complaint.

7      15.   Bravado denies the allegations of paragraph 15 of the Complaint.

8      16.   Bravado admits that it created apparel depicting an image of Tupac, and

9  that said apparel was distributed to defendants Urban and Macy's.  Except as

10  expressly admitted herein, Bravado denies the allegations of paragraph 16 of the

11  Complaint.

12      17.   Bravado denies the allegations of paragraph 17 of the Complaint.

13  **FIRST CLAIM FOR RELIEF**

14  (For Copyright Infringement—Against All Defendants, and Each)

15      18.   Bravado incorporates by reference its responses to the allegations in

16  paragraphs 1 through 17 above as its response to paragraph 18 of the Complaint.

17      19.   Bravado admits that it had access to the photographs attached to the

18  Agreement at Exhibit A and that such access was provided by Plaintiff pursuant to the

19  terms of the Agreement.  Bravado denies the remaining allegations of paragraph 20 of

20  the Complaint as asserted against Bravado and otherwise does not have sufficient

21  information with which to admit or deny the allegations of paragraph 19 of the

22  Complaint and on that basis denies each allegation of that paragraph.

23      20.   Bravado admits that it had a business relationship with Urban and

24  Macy's.  Bravado denies the remaining allegations of paragraph 20 of the Complaint

25  as asserted against Bravado and otherwise does not have sufficient information with

26  which to admit or deny the allegations of paragraph 20 of the Complaint and on that

27  basis denies each allegation of that paragraph.

28

DOLL AMIR & ELEY LLP

21.     Bravado denies the allegations of paragraph 21 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 21 of the Complaint and on that basis denies each allegation of that paragraph.

22.     Bravado denies the allegations of paragraph 22 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 22 of the Complaint and on that basis denies each allegation of that paragraph.

23.     Bravado denies the allegations of paragraph 23 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 23 of the Complaint and on that basis denies each allegation of that paragraph.

24.     Bravado denies the allegations of paragraph 24 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 24 of the Complaint and on that basis denies each allegation of that paragraph.

25.     Bravado denies the allegations of paragraph 25 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 25 of the Complaint and on that basis denies each allegation of that paragraph.

26.     Bravado denies the allegations of paragraph 26 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 26 of the Complaint and on that basis denies each allegation of that paragraph.

/ / /

/ / /

/ / /

DOLL AMIR & ELEY LLP

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

27.     Bravado incorporates by reference its responses to the allegations in paragraphs 1 through 26 above as its response to paragraph 27 of the Complaint.

28.     Bravado denies the allegations of paragraph 28 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 28 of the Complaint and on that basis denies each allegation of that paragraph.

29.     Bravado denies the allegations of paragraph 29 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 29 of the Complaint and on that basis denies each allegation of that paragraph.

30.     Bravado denies the allegations of paragraph 30 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 30 of the Complaint and on that basis denies each allegation of that paragraph.

31.     Bravado denies the allegations of paragraph 31 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 31 of the Complaint and on that basis denies each allegation of that paragraph.

32.     Bravado denies the allegations of paragraph 32 of the Complaint as asserted against Bravado and otherwise does not have sufficient information with which to admit or deny the allegations of paragraph 32 of the Complaint and on that basis denies each allegation of that paragraph.

33.     With respect to the "Prayer for Relief" clause following paragraph 32 of the Complaint, Bravado herein denies that Plaintiff is entitled to any relief, including

DOLL AMIR & ELEY LLP

injunctive relief, damages, statutory damages, costs or attorneys' fees, imposition of a trust, pre-judgment interest, or any other relief.

## AFFIRMATIVE DEFENSES

Bravado has alleged defenses, as set forth below, to avoid the necessity of needing to amend its Answer, though circumstances may arise requiring such amendment, and Bravado reserves the right to do so.  Bravado recognizes that, depending upon the development of facts, some of the defenses may ultimately not be applicable.  By such pleading, Bravado also intends no alteration of the burden of proof and/or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability or as to whether Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The Complaint fails to state a claim upon which relief can be granted against Bravado.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.     Plaintiff's causes of action are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3.     Plaintiff is barred from obtaining any recovery on the allegations in the Complaint by the doctrine of unclean hands.

/ / /

/ / /

/ / /

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

7.      Plaintiff's claims are barred by the first sale/exhaustion doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

8.      Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, words, acts and/or omissions, and not to any conduct, deeds, acts, words or omissions of Bravado.

## NINTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

9.      Without waiver of any of the denials contained herein, Bravado asserts that, if Plaintiff sustained any damages, which Bravado denies, such damages were proximately caused by the acts or omissions of other persons, entities, firms, or corporations, whether named or unnamed in the Complaint.

/ / /

DOLL AMIR & ELEY LLP

## TENTH AFFIRMATIVE DEFENSE

### (Proportionate Responsibility)

10.     In the event that Plaintiff is found to have sustained any damages, then Bravado is only liable or responsible for that portion of damages which corresponds to the degree of its own responsibility and not for the acts or omissions of Plaintiff or the acts or omissions of third parties whether named or unnamed in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.     Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged claims and damages and, therefore, Plaintiff is barred from any and all recovery sought herein as against Bravado.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

12.     Plaintiff is not entitled to attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

13.     Plaintiff has suffered no damage as the result of any alleged act, omission, or breach by Bravado as alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14.     The Complaint, and each and every cause of action stated therein, is barred because Defendant's alleged actions were performed in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

15.     Plaintiff's claims are barred by the doctrine of fair use under the Copyright Act.

/ / /

9

DOLL AMIR & ELEY LLP

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

16.     The acts and/or omissions of Plaintiff excused any alleged act or alleged failure to act on the part of Bravado.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

17.     The Complaint, and each and every cause of action stated therein, is barred by reason of Plaintiff's consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Implied License)

18.     The Complaint, and each and every cause of action stated therein, is barred (in part or in whole) based on implied license.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Copyright Invalidity)

19.     The Complaint, and each and every cause of action stated therein, is barred because the copyrights Plaintiff asserts in this action are invalid and/or unenforceable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Statutory Damages)

20.     Plaintiff is not entitled to statutory damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Justifiable Conduct)

21.     Bravado's alleged conduct was justified under the circumstances.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

22.     Plaintiff's claims are barred in that the claims seek excessive damages from Defendants which would result in the unjust enrichment of Plaintiff herein.

DOLL AMIR & ELEY LLP

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Pleading Uncertain)

23.     The Complaint, and each and every cause of action stated therein, is uncertain in that it is vague, ambiguous and unintelligible.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation)

24.     Bravado presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available.  Bravado reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Bravado prays for judgment against Plaintiff as follows:

1.     That the Complaint be dismissed with prejudice in its entirety;

2.     That Plaintiff take nothing by reason of its Complaint;

3.     That judgment be entered in favor of Bravado;

4.     For recovery of Bravado's costs of suit, including its attorneys' fees to the extent recoverable; and

5.     For such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

Defendant and Counterclaimant Bravado International Group Merchandising Services Inc. ("Bravado") by and for its Counterclaim against Plaintiff and Counter-Defendant Chi Modu ("Modu"), alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1367 (a).

### THE PARTIES

2.     Modu is an individual residing in the state of New Jersey in the United States.

11

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

1    3.    Bravado is a California corporation, with its principal business office in

2    California located at 2220 Colorado Avenue, Santa Monica, California 90404.

3    **<u>ALLEGATIONS RELEVANT TO ALL COUNTERCLAIMS</u>**

4    4.    Tupac Shakur ("Shakur") is a world famous performer who has used his

5    name, trademarks, and likeness to identify himself in all phases of the entertainment

6    industry to distinguish himself from other professional entertainers.  Shakur's name,

7    trademarks, and likeness has been used to distinguish merchandise pertaining to

8    Shakur since as early as 1996.

9    5.    Shakur died in September of 1996.  Through Shakur's estate, Amaru

10   Entertainment, Inc. ("Amaru") was granted all interest in the intellectual property

11   rights of Shakur for the purpose of retail merchandising.

12   6.    On or about April 27, 2015, Bravado entered into an agreement titled

13   License of Trademark and Merchandising Rights with Amaru for the exclusive,

14   worldwide rights to sell merchandise bearing the name, trademarks, and likeness of

15   Shakur.  The Agreement remains in effect and has not expired or otherwise been

16   terminated.

17   7.    During the term of the Agreement, Modu has created, marketed, sold,

18   distributed, licensed or otherwise exploited merchandise using the name and likeness

19   of Shakur (hereinafter "Infringing Merchandise").  Said merchandise is and was

20   created and sold by Modu with the purpose of marketing and advertising Modu's

21   services as a photographer and/or marketing and advertising his 2016 book titled

22   "Tupac Shakur Uncategorized" (the "Book").  The use of Shakur's name, likeness

23   and identity by Modu was without the authorization of Bravado, and in contravention

24   of Bravado's exclusive rights under the Agreement.

25   8.    Modu's unauthorized use of the name and likeness of Shakur includes,

26   but is not limited to, the following:

27

28

DOLL AMIR & ELEY LLP

(a)     a three-piece pin collection created and distributed in conjunction with Pintrill in or about September 2016, an exemplar of which is attached hereto as Exhibit A;

(b)     various skateboard decks bearing the likeness of Shakur created and distributed in conjunction with One Love Skateboard Company, exemplars of which are attached hereto as Exhibit B;

(c)     various "limited edition" t-shirts bearing the likeness of Shakur created and distributed in conjunction with Pure Waste, exemplars of which are attached hereto as Exhibit C; and

(d)     various apparel, including hoodies and t-shirts, bearing the likeness of Shakur created and distributed in conjunction with Stereo Vinyls, exemplars of which are attached hereto as Exhibit D.

## FIRST CLAIM FOR RELIEF

(Misappropriation of Name or Likeness – Violation of Cal. Civ. Code § 3344)

(Bravado against Modu)

9.     Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-8 of this Counterclaim.

10.     Modu knowingly used the likeness of Shakur on merchandise to advertise or sell Modu's Book.

11.     Modu's use of the likeness of Shakur did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign.

12.     Modu did not have Bravado's consent to use the likeness of Shakur on merchandise to advertise or sell Modu's Book.

13.     Modu's use of the likeness of Shakur was directly connected to Modu's commercial purpose.

DOLL AMIR & ELEY LLP

14.   As a result of Modu's unauthorized use of the likeness of Shakur, Bravado was harmed.

15.   Modu's conduct was a substantial factor in causing Bravado's harm.

16.   The aforementioned conduct was intentional on the part of Modu to thereby deprive Bravado of property and legal rights and otherwise cause injury, and was despicable conduct that subjected Bravado to cruel and unjust hardship and oppression in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

**SECOND CLAIM FOR RELIEF**

(Common Law Misappropriation of Name or Likeness)

(Bravado against Modu)

17.   Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-16 of this Counterclaim.

18.   Modu used Shakur's likeness and identity without the permission of Bravado.

19.   Modu gained a commercial benefit by using Shakur's likeness and identity.

20.   As a result of Modu's unauthorized use of the likeness of Shakur, Bravado was harmed.

21.   Modu's conduct was a substantial factor in causing Bravado's harm.

22.   The aforementioned conduct was intentional on the part of Modu to thereby deprive Bravado of property and legal rights and otherwise cause injury, and was despicable conduct that subjected Bravado to cruel and unjust hardship and oppression in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

/ / /

DOLL AMIR & ELEY LLP

## THIRD CLAIM FOR RELIEF

(Trademark Infringement under U.S.C. §§ 1114 & 1125(a))

(Bravado against Modu)

23.     Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-22 of this Counterclaim.

24.     This cause of action arises under 15 U.S.C. §§ 1114 & 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

25.     The name, trademarks and likeness of Shakur (hereinafter "Shakur's Marks") have been used as marks to identify Shakur and have been used in connection with his performing services and with the sale of various types of merchandise throughout the world.  As a result, Shakur's Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

26.     Infringing Merchandise has been advertised and sold by Modu, containing and/or using the name, trademarks, and/or likeness of Shakur.  By misappropriating and using Shakur's Marks, Modu has misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

27.     The advertising and/or sale by Modu of the Infringing Merchandise has and will infringe upon and dilute the trademarks, name, and likeness of Shakur.

28.     The advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by Shakur and the reputation which Shakur, and Shakur's estate, have developed in connection with the sale of legitimate, authorized and high quality merchandise.

DOLL AMIR & ELEY LLP

29.     The unlawful merchandising activities of Modu is without permission or authority of Bravado or Shakur's estate, and constitutes express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Bravado and/or Shakur's estate.

30.     The aforementioned acts of Modu are willful violations of 15 U.S.C. 1125(a) in that Modu used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.  The Infringing Merchandise also constitute counterfeit marks, entitling Bravado to treble and statutory damages, as well as attorneys' fees, under 15 USC § 1117.

31.     Bravado has no adequate remedy at law if Modu's activities are not enjoined, and will suffer irreparable harm and injury to Bravado and Shakur's images and reputation as a result thereof.

32.     As a result of Modu's activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## FOURTH CLAIM FOR RELIEF

(Trademark Dilution under 15 U.S.C. § 1125(c))

(Bravado against Modu)

33.     Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-32 of this Counterclaim.

34.     By virtue of Shakur's (as well as Shakur's estate's) long and continuous use of Shakur's Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. § 1125(c).  As such, said marks are eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

35.     Modu's use of Shakur's Marks in connection with the merchandise that he is selling has threatened to cause and is causing dilution of the distinctive quality

DOLL AMIR & ELEY LLP

16

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

of Shakur's Marks by lessening Bravado and Shakur's estate's capacity to identify the goods in violation of 15 U.S.C. § 1125(c). The Infringing Merchandise also constitute counterfeit marks, entitling Bravado to treble and statutory damages, as well as attorneys' fees, under 15 USC § 1117.

36. Bravado will have no adequate remedy at law if Modu's activities are not enjoined and Modu and Shakur's estate will suffer irreparable harm and injury to their images and reputation as a result thereof.

37. As a result of Modu's activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## FIFTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 3344.1)

### (Bravado against Modu)

38. Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-37 of this Counterclaim.

39. Shakur was a celebrated performer with a proprietary interest in the use in the public of his name and likeness. Shakur died in September of 1996. At the close of the probate action, all property, tangible and intangible, including without limitation, intellectual property rights owned by Shakur at the time of his death, passed to his mother Afeni Shakur. On September 23, 1996, Ms. Shakur registered a claim pursuant to California Civil Code § 3344.1. Ms. Shakur transferred all her interest in the intellectual property rights for the purpose of retail merchandising to Amaru Entertainment, Inc. In April of 2015, Amaru granted Bravado the exclusive right to use Shakur's name and likeness in connection with merchandise.

40. Modu has used Shakur's name and likeness in connection with advertising, sale and/or distribution of the Infringing Merchandise.

DOLL AMIR & ELEY LLP

41.    Neither Bravado nor any party authorized to give consent, have given oral or written consent to Modu for use of Shakur's name and/or likeness.

42.    Modu has violated California Civil Code § 3344.1 by knowingly appropriating, using and exploiting the Shakur name and likeness in connection with commercial exploitation and/or advertisement of merchandise that Modu has distributed for his commercial benefit without the consent of Bravado or any party authorized to give such consent.

43.    As a result, Modu has deprived Bravado and Shakur's estate of the right to control the time, place, terms and manner by which to publicize Shakur's special talents.

44.    The use of Shakur's name and likeness in connection with the sale and distribution of Infringing Merchandise by Modu has caused, is causing and will continue to cause Bravado and/or Shakur's estate irreparable harm and injury.  If Modu's activities are not enjoined, Bravado and/or Shakur's estate will suffer irreparable harm and injury.

45.    As a result of Modu's activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## SIXTH CLAIM FOR RELIEF

(Violation of Common Law Right of Publicity)

(Bravado against Modu)

46.    Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-45 of this Counterclaim.

47.    Modu's unauthorized use of Shakur's name and/or likeness constitutes common law right of publicity violations.

DOLL AMIR & ELEY LLP

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

48.     Bravado and Shakur's estate have no adequate remedy at law and, if Modu's activities are not enjoined, Bravado and Shakur's estate will suffer irreparable harm and injury to their images and reputations as a result thereof.

49.     As a result of Modu's activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## SEVENTH CLAIM FOR RELIEF

(Unfair Competition in Violation of California Business and Professions Code §§ 17200, *et seq.*)

(Bravado against Modu)

50.     Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-49 of this Counterclaim.

51.     Modu has committed acts of unfair competition, as defined by Business and Professions Code section 17200, by engaging in the acts and practices described herein.

52.     Modu's unauthorized use of the likeness and identity of Shakur for commercial purposes constitutes unlawful and unfair business practices within the meaning of Business and Professions Code section 17200.

53.     As a result of Modu's unlawful and unfair business practices, Bravado was harmed.

54.     Modu's conduct was a substantial factor in causing Bravado's harm.

## EIGHTH CLAIM FOR RELIEF

(Violation of Common Law Unfair Competition)

(Bravado against Modu)

55.     Bravado repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1-54 of this Counterclaim.

DOLL AMIR & ELEY LLP

56.     The trademarks used on the Infringing Merchandise are identical to the trademarks of Shakur and Modu's use is likely to, and is certainly intended to, cause confusion to purchasers.

57.     Modu, by misappropriating and using the name, trademarks, and/or likeness of Shakur has utilized unfair means to usurp the good will and distinctive attributes of Shakur's trademarks.

58.     Modu has misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

59.     Bravado will have no adequate remedy at law if Modu's activities are not enjoined and Bravado and Shakur's estate will suffer irreparable harm and injury to their reputations as a result thereof.

60.     As a result of Modu's aforementioned activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## PRAYER FOR RELIEF

Wherefore, Bravado prays for judgment as follows:

1.     For actual damages in an amount to be proven at trial;

2.     For profits, damages, and costs pursuant to 15 U.S.C. § 1117(a);

3.     For treble and statutory damages, pursuant to 15 U.S.C. § 1117(b) and (c);

4.     For injunctive relief pursuant to 15 U.S.C. § 1118, including but not limited to recall and destruction of the Infringing Merchandise;

5.     For restitution;

6.     For punitive damages;

7.     For the costs of suit incurred herein, including attorneys' fees under 15 USC § 1117(a);

DOLL AMIR & ELEY LLP

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

1    8.    For interest at the legal rate;

2    9.    For such other and further relief as this Court deems just and proper.

3

4    DATED:  December 18, 2017          DOLL AMIR & ELEY LLP

5

6                                      By:  _/s/ Gregory L. Doll_
                                            Gregory L. Doll
7                                           Jamie O. Kendall
                                            L. Katie Machado
8                                      Attorneys for Defendants,
                                       BRAVADO INTERNATIONAL GROUP
9                                      MERCHANDISING SERVICES INC.,
                                       URBAN OUTFITTERS, INC., AND
10                                     MACY'S RETAIL HOLDINGS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

1

## **DEMAND FOR TRIAL BY JURY**

2          Defendant Bravado International Group Merchandising Services Inc. hereby

3   demands a trial by jury of all claims, including counterclaims, and defenses asserted

4   in this action.

5

6   DATED:  December 18, 2017          DOLL AMIR & ELEY LLP

7

8                                     By:   _/s/ Gregory L. Doll_
                                          Gregory L. Doll
9                                         Jamie O. Kendall
                                          L. Katie Machado
10                                        Attorneys for Defendants,
                                          BRAVADO INTERNATIONAL GROUP
11                                        MERCHANDISING SERVICES INC.,
                                          URBAN OUTFITTERS, INC., AND
12                                        MACY'S RETAIL HOLDINGS, INC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

CASE NO. 2:17-CV-06968-RSWL-JEM
DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM